The Chancellor.
One ground on which the motion is resisted, is an alleged agreement between the mortgagor and the complainant, at the time the mortgages prior to that of Yannuis were assigned to the complainant, that, if the complainant, (who was then in possession of the’ property as tenant of the mortgagor,) would purchase those mortgages from the person who then held them, (a sou of the mortgagor.) the complainant was to pay no rent for the property, and was to continue in possession of it until it was sold.
These mortgages were assigned to Moore on the 28t.h of March, 1845. There was then due on them about ,$1360: they were assigned for $1000.
There is something singular in the idea of a mortgagor’s agreeing, that if a person will buy the mortgage from the mortgagee, he may take possession of the mortgaged premises, and hold them free of rent until they are sold under the mortgage, and that the interest on ‘the mortgage should still continue to run against him. I can see no inducement or consideration for such an agreement. It was argued, that the assignor of the mortgages was a son of the mortgagor, and that the sale of the mortgages might have, been a benefit to him, and that that benefit might have been the consideration moving the mortgagor. The fact that the property, within about six months thereafter, sold for $1500, is sufficient to induce the court to pause, before lending its aid to carry out such an agreement, -to the prejudice of a subsequent mortgagee. Besides, the evidence is not sufficient to establish such an agreement. It jertainly does not show that the mortg-agor knew what his son was to get for the mortgages. The case, then, must be decided as if no such agreement existed.
*348 A mortgagee in possession by a tenant is accountable for the rents received; and if in possession personally is chargeablg with reasonable rent: 4 Kent, 166; 2 J. J. Marshall, 465; 16 Pick. 46; 5 Paige, 9. And a subsequent mortgagee is entitled to the aid of the court in having these rents applied to the reduction of a prior mortgage : Hopkins, 579.
From what time is the complainant to be considered as mortgagee in possession ? Before, and at the time he bought the mortgages, he was tenant of the premises under the mortgagor, ■and about eleven months of the current year of his tenancy ■had elapsed. Perhaps he should be .considered as tenant during that year, and after that as mortgagee in possession; but :this is not .important, in the view I take of this case. At the ■end of that year, he‘was indebted to the mortgagor for the year’s rent, arid could have given credit for it on his mortgages. The mortgagor never demanded it, and mpst be considered as .assenting to having it so applied, if assent were necessary.
It is not supposable that if the mortgagor had demanded it Moore would have paid it, when he held the bonds and mort.gages of the mortgagor, which were due, ,to much more than the amount. I am of opinion, .therefore, that .the subsequent mortgagee is entitled to have that y.earls rent, and a reasonable .rent thereafter ¡to the time of the sale, credited, .in reduction of the amount to be raised in satisfaction of the .complainant’s mortgages: Hopkins, 579.
It is objected that, the decree being enrolled, the application ¡is too late, in any shape; and that if not too late, it should not have been by motion, but by petition.
It appears by the depositions, that shortly after Vannuis’s return from Mobile, (whither he had gone before the .commencement of the suit,) and a few days before the beginning of the term at which the decree was taken, he called on the complainant’s solicitor, who told him he might put in an answer if he pleased; but that Moore’s mortgages were prior to his, and that all over Moore’s claim would be paid to him. Under these circumstan,ces, I cannot deny him relief against the omission of the complainant to make proper credits on his mortgages; and I ¡think the application for relief may be by motion 3 John. Ch. R. 415.
*349 The decree and the master’s report will be opened; and leave given to the defendant Vannuis to put in his bond and mortgage before the master; and the master will be instructed tp charge the complainant with the rents, as above stated.
Order accordingly.